IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| ROE BRIGGS, as Surviving Spouse and Personal Representative of DEIRDRE BRIGGS, and ROE BRIGGS, as Administrator of the Estate of DEIRDRE BRIGGS,<br><br>        Plaintiffs,<br><br>v.<br><br>RICHMOND COUNTY; RICHMOND COUNTY BOARD OF COMMISSIONERS; RICHMOND COUNTY SHERIFF RICHARD ROUNDTREE, in both his Official and Individual Capacity; and CASEY DONALD, in both his Official and Individual Capacity,<br><br>        Defendants. | CASE NO: CV123-112<br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

**COMPLAINT FOR DAMAGES**

COMES NOW, ROE BRIGGS, as the Surviving Spouse and Personal Representative of Deirdre Briggs, and ROE BRIGGS, as the Administrator of the Estate of Deirdre Briggs and files this Complaint against Defendants RICHMOND COUNTY, RICHMOND COUNTY BOARD OF COMMISSIONERS, RICHMOND COUNTY SHERIFF, RICHARD ROUNDTREE, both in his Official and Individual Capacity, and former Richmond County Sheriff's Deputy, CASEY DONALD, both in his Official and Individual Capacity.

**INTRODUCTION**

This is a civil action seeking compensatory and punitive damages from the Defendants for wrongfully causing the tragic, premature, and violent death of Deirdre Briggs by violating her constitutionally guaranteed rights without due process of law. Both Deirdre Briggs' surviving

1

spouse, Roe Briggs, and her Estate are entitled to separate recoveries from the Defendants based on the fact that they caused her wrongful death and caused her extreme pain and suffering in the last moments of her life. On the evening of August 11, 2021, Deirdre Briggs was driving home when Richmond County Deputy Sheriff Casey Donald was so excessively speeding in his patrol car that would shock the conscience of a human being when he t-boned Deirdre Briggs as she was lawfully turning her vehicle. Mrs. Briggs, after suffering great terror, pain, and suffering, died as a direct and proximate cause of Donald's reckless and conscious shocking conduct. Douglas County and Sheriff Roundtree are jointly and severally liable for the injuries sustained by Mrs. Briggs, due to their deliberate indifference to the well-known and obvious need to improve driving training and supervision amongst the Sheriff Department employees, given the numerous prior incidents of reckless and negligent driving.

**PARTIES AND VENUE**

1.

Roe Briggs ["Briggs"] is the surviving spouse of Deirdre Briggs ["Deirdre"], and the duly appointed Administrator of the Estate of Deirdre Briggs ["the Estate"] [collectively, "Plaintiffs"]. As the surviving spouse, Briggs is entitled to recover for the wrongful death of Deirdre, as a result of the Defendants' wrongful conduct, an amount that fairly compensates him for the constitutionally improper conduct by Richmond County and its officers.

2.

The Estate is legally authorized to pursue the cause of action and compensation for Deirdre's death proximately caused by the Defendants' conduct.

3.

Defendant Richmond County Board of Commissioners is the governing authority of Defendant Richmond County [collectively referred to as "the County"], a body corporate with the

power to sue and be sued. The County is subject to the jurisdiction of this court. The summons and complaint may be served personally upon the Chairman of the Board of Commissioners, Garnett Johnson, at the office of the Board of Commissioners, 535 Telfair Street, Augusta, Georgia 30901.

4.

Richmond County Sheriff, Richard Roundtree ["the Sheriff"] is subject to the jurisdiction of this court and may be personally served with process at his office at the Richmond County Sheriff's Department, 400 Walton Way, Augusta, GA 30901.

5.

Former Richmond County Deputy, Casey Donald ["Donald"] is subject to the jurisdiction of this court and may be personally served with process at his residence at 1138 Hunters Cove, Evans, GA 30809.

6.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and (2) as the collision occurred in this district in Richmond County, GA and one or more Defendants reside in this district. This Court has jurisdiction over this action as it is brought pursuant to 28 U.S.C. § 1331 based on alleged constitutional violations by all Defendants named in this action per 42 U.S.C. § 1983 and 1988 and the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution.

## **FACTS**

7.

On August 11, 2021, shortly before 9:00 P.M., Donald was driving his assigned County-owned police cruiser equipped with lights and siren.

8.

Upon information and belief, Donald was responding to an officer needing assistance call.

9.

When Donald drove down the highway towards Deirdre Briggs, he was traveling at a speed so far in excess of the speed limit that it would shock the human conscience. The speed at which he was traveling was inappropriate for the conditions that then existed on the roadway, which included darkness and a steep hill.



*(Side Impact Photograph of Deirdre Briggs' Vehicle Post-Collision with Casey Donald)*

10.

Donald operated his patrol vehicle in a manner that exhibited recklessness and/or beyond gross negligence in regard for the safety of others. Donald operated his vehicle so inexplicably fast over the hill that he was unable to slow or alter the path of his vehicle while Deirdre Briggs turned her vehicle.

11.

Deirdre was executing a lawful left turn onto Moore Road in a prudent manner, while adhering to all rules of the road.

12.

Donald's shocking operation of his patrol vehicle caused him to drive too fast and did not allow adequate space for drivers such as Deirdre to operate their vehicles in a lawful manner. While Deirdre was turning, the patrol car slammed into the side of her 2009 Toyota Camry at a high rate of speed.

13.

Donald's shocking behavior in the operation of his patrol vehicle was done by:
   a. failing to have proper control over said vehicle; and
   b. driving with a reckless disregard for the safety of persons on the roadway by traveling at a shockingly excessive speed;

14.

Donald's reckless operation of his patrol vehicle was the proximate cause of Deirdre's injuries, causing extreme mental and physical pain and suffering leading up to her death.

15.

As a direct and proximate result of Donald's recklessness and operation of his patrol vehicle, Deirdre endured extreme pain and suffering in the moments immediately preceding and following the collision.

16.

Donald directly and proximately caused the pain, suffering and untimely death of Deirdre by using shockingly excessive, unnecessary and unjustified deadly force.

17.

Upon information and belief, during the time surrounding Donald's collision with Deirdre, the County and the Sheriff were well-aware of a pattern of reckless and conscience appalling driving among the officers under their stead yet demonstrated a deliberate indifference to that pattern in their decision not to require additional supervision or training to improve officers' driving safety. The risk was obvious that such reckless driving would result in an officer striking and killing another motorist. This deliberate indifference deprived Deirdre of her right to life without due process of law.

18.

Upon information and belief, despite their knowledge of a pattern of unsafe driving amongst the officers of the Sheriff's Department, the County and the Sheriff took no substantial action to increase supervision, train, or discipline officers related to their poor driving skills.

19.

The deliberate indifference to the known need to increase training and supervision of officers in safe driving practices constituted a deprivation of Mrs. Briggs' constitutional rights to life, liberty, property, and travel without due process of law.

20.

This deliberate indifference to the additional training and supervision necessary to prevent officers from colliding with other motorists was the proximate cause of Donald's collision with Deirdre.

21.

Briggs, as Deirdre's surviving spouse, is entitled to recover based upon the Defendants' conduct which proximately caused her premature and violent death. The compensatory damages are to be determined by the enlightened conscience of the jury.

22.

The Estate is entitled to recover an amount sufficient to compensate Briggs for her extreme pain and suffering in the moments preceding her death, in an amount to be determined by the enlightened conscience of the jury.

## COUNT ONE
## CONSTITUTIONAL CLAIM AGAINST CASEY DONALD, THE COUNTY AND THE SHERIFF

23.

Paragraphs one (1) through twenty two (22) of this Complaint are incorporated herein by this reference.

24.

Pursuant to 42 U.S.C. § 1983, the Estate is entitled to recover compensatory and punitive damages from Deputy Donald for his reckless driving, carried out with a deliberate indifference to human life, and which constituted an intentional misuse of his patrol vehicle in a manner that shocks the conscience. His conduct deprived Deirdre of her United States Constitutional rights to life, liberty, property, and travel, all without due process of law.

25.

The Estate is entitled to recover compensatory damages from the County and the Sheriff in his official capacity, as well as punitive damages from the Sheriff in his individual capacity, for Donald's reckless actions, which were caused by the County and the Sheriff's recklessness and

deliberate indifference. The County and the Sheriff decided not to act despite the known and obvious needs to train, supervise, and discipline officers who lacked the skills, knowledge, and character to operate emergency vehicles in a safe manner. This misconduct proximately caused Deirdre's violent death.

26.

Apart from the actual collision that resulted from the County and the Sheriff's misconduct, the County and the Sheriff's decision to be deliberately indifferent to known and obvious deficiencies in training, supervision, and discipline needs was conduct that shocks the conscience and that, in and of itself, constitutes misconduct that proximately caused Deirdre's violent death, depriving her of her constitutional rights to life, liberty, property, and travel, all without due process of law. More specifically, of her rights, privileges and immunities guaranteed her under the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States, Title 42 U.S.C. 1983 and 1988, to remain free from unlawful death, intrusions upon his property and person, physical abuse, cruel and unusual punishment and deprivation of his life and liberty without due process of law. For these acts, the Estate is entitled to recover compensatory damages from the County and the Sheriff in his official capacity, and punitive damages from the Sheriff in his individual capacity.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs prays for judgment against the Defendants and that they be granted the following relief:

a. a trial by jury;

b. recovery of Judgement by the Estate against the Defendants for the injuries, including pain and suffering and unconstitutional deprivations of the right to life, property, and travel, experienced by Deirdre Briggs, in an amount to be determined by the enlightened conscience of the jury;

c. recovery of a monetary Judgment by Roe Briggs in an amount that will fully compensate him for the life of Deirdre Briggs';

    d. an award of reasonable attorneys' fees;

    e. all costs of this action; and,

    f. such other and further relief as this court may deem just and proper.

Respectfully submitted, this 10th day of August, 2023.

                             Respectfully submitted,

                             **POULIN | WILLEY | ANASTOPOULO, LLC**

                             */s/ Brent Kaufman*
                             Brent M. Kaufman, Esq.
                             Georgia Bar No.: 441430
                             Poulin | Willey | Anastopoulo, LLC
                             32 Ann Street
                             Charleston, SC 29403
                             T: (803) 222-2222
                             F: (843) 353-1604
                             E: TeamKaufman@PoulinWilley.com