IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| ROE BRIGGS, as Surviving Spouse and Personal Representative of Deirdre Briggs; and ROE BRIGGS, as Administrator of the Estate of Deirdre Briggs, | * * * * * * * | |
| Plaintiffs, | * * | |
| v. | * * | CV 123-112 |
| RICHMOND COUNTY; RICHMOND COUNTY BOARD OF COMMISSIONERS; RICHMOND COUNTY SHERIFF RICHARD ROUNDTREE; and CASEY DONALD, | * * * * * * | |
| Defendants. | * | |

O R D E R

Before the Court is Defendants' motion to dismiss. (Doc. 8) For the following reasons, Defendants' motion is **GRANTED**.

I. BACKGROUND

Roe Briggs is the surviving spouse of Deirdre Briggs and the duly appointed administrator of her estate (collectively, "Plaintiffs"). (Doc. 1, ¶ 1.) Plaintiffs seek to recover for Ms. Briggs's death, which they allege was proximately caused by Defendants' conduct. (Id. ¶¶ 1-2.)

On August 11, 2021, Defendant Deputy Casey Donald responded to an emergency call while driving his assigned County-owned police cruiser equipped with lights and sirens. (Id. ¶¶ 7-8.) Defendant Donald was driving at a high rate of speed in the dark and over a steep hill when he collided with Ms. Briggs, who was turning left onto the roadway in front of Defendant Donald. (Id. ¶¶ 9-12.) As a result of the collision and Defendant Donald's alleged recklessness in the operation of his patrol vehicle, Ms. Briggs endured pain and suffering and ultimately died. (Id. ¶¶ 14-16.)

Plaintiffs filed their Complaint on August 10, 2023 pursuant to 42 U.S.C. §§ 1983 and 1988. (Id. ¶ 6.) Plaintiffs assert a constitutional claim against all Defendants. (Id. ¶¶ 23-26.) On August 31, 2023, Defendants moved to dismiss. (Doc. 8.) Plaintiffs responded in opposition, and Defendants replied. (Docs. 9, 11.)

## II. LEGAL STANDARD

In considering a motion to dismiss under Rule 12(b)(6), the Court tests the legal sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), *overruled on other grounds by* Davis v. Scherer, 468 U.S. 183 (1984). Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of both the claim and

2

the supporting grounds. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

A plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). The Court need not accept the pleading's legal conclusions as true, only its well-pleaded facts. Id. at 677-79. Furthermore, "the court may dismiss a complaint pursuant to [Rule 12(b)(6)] when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (citing Exec. 100, Inc. v. Martin Cnty., 922 F.2d 1536, 1539 (11th Cir. 1991)).

### III. DISCUSSION

Defendants move to dismiss Plaintiffs' complaint for failure to state a claim under Rule 12(b)(6). (Doc. 8, at 2.) Defendants contend dismissal is proper because (1) Defendants Richmond County

and Richmond County Board of Commissioners (collectively, the "County") cannot be held liable for the alleged acts or omissions of employees of the sheriff's office[1]; (2) Plaintiffs fail to state a § 1983 claim against Defendants Donald and Sheriff Richard Roundtree in their official capacities; and (3) Plaintiffs fail to state a § 1983 claim against Defendants Donald and Roundtree in their individual capacities. (Id. at 2-7.) Plaintiffs do not respond to Defendants' arguments concerning the County or the § 1983 official capacity claims. (See Doc. 9.) Plaintiffs do, however, contend they have sufficiently alleged a § 1983 claim against Defendants Donald and Roundtree in their individual capacities because Defendant Donald's conduct "shocks the conscience." (Id. at 2-3.) The Court addresses these arguments below.

**A. Claims Against the County**

Plaintiffs bring two supervisory liability, or respondeat superior, claims against the County. First, Plaintiffs allege the County was well-aware of a pattern of reckless driving among

---

[1] Plaintiffs refer generally to Defendants Richmond County and Richmond County Board of Commissioners as one entity – "the County" – in their complaint but named them as separate Defendants. (See Doc. 1.) The Board of Commissioners is the governing body of Richmond County. Thus, any claims against the Board as a whole and not against the individual members are nothing more than claims against the County. Bd. of Comm'rs of Glynn Cnty. v. Johnson, 717 S.E.2d 272, 274 (Ga. Ct. App. 2011) ("A suit against members of a county board of commissioners in their official capacities is tantamount to a suit against the county itself." (citation omitted)). For this reason, the Court addresses Plaintiffs' claims against Defendants Richmond County and Richmond County Board of Commissioners jointly.

4

officers but was deliberately indifferent to this pattern by not requiring additional supervision or training to improve driver safety. (Doc. 1, ¶ 17.) Second, Plaintiffs contend the County's deliberate indifference constituted a deprivation of Ms. Briggs's constitutional rights and was the proximate cause of Defendant Donald's collision with Ms. Briggs. (Id. ¶¶ 17, 19-20, 25-26.) Defendants contend Plaintiff's claims against the County fail to state a claim because the County had no authority to control Defendant Donald since he was an employee of the sheriff's office and not the County. (Doc. 8, at 2-3.) Plaintiffs offer no arguments in response. (See Doc. 9.)

"[W]hen an argument is raised that a claim is subject to dismissal, and the non-moving party fails to respond to such an argument, such claims are deemed abandoned." Onyeogoh v. Cucinnelli, No. 1:20-CV-03584, 2020 WL 13544294, at *1 (N.D. Ga. Nov. 24, 2020) (citations omitted). Nevertheless, after careful review and consideration of the allegations in the complaint as well as Defendants' arguments in their motion to dismiss, the Court finds Defendants' arguments are meritorious. See Giummo v. Olsen, 701 F. App'x 922, 925 (11th Cir. 2017) (reversing the district court's decision granting a motion to dismiss solely based on the plaintiff's failure to respond in opposition and requiring the district court consider the sufficiency of the complaint's allegations and provide a reason why the complaint failed to state

5

a claim). Under Georgia law, the County cannot be held liable under a theory of respondeat superior for Defendant Donald's actions because the County had no authority to control Defendant Donald. Green v. Baldwin Cnty. Bd. of Comm'rs, 842 S.E.2d 916, 917 (Ga. Ct. App. 2020) ("As a matter of law, the county is not vicariously liable to [plaintiff] for the actions of [the deputy sheriff], because it is well established that deputy sheriffs are employees of the sheriff, not the county, and the county cannot be held vicariously liable as their principal." (citation and quotation marks omitted) (alterations adopted)); Brown v. Jackson, 470 S.E.2d 786, 787 (Ga. Ct. App. 1996) ("Deputy sheriffs . . . are employees of the sheriff, whom the sheriffs alone are entitled to appoint or discharge. . . . They have no duties save alone duties of the sheriff, which as his deputy and his agent they are by law authorized to perform. The sheriff, and not the county, is liable for the misconduct of his deputies." (citation omitted)). Thus, the Court finds dismissal proper as to Plaintiffs' claims against the County.

## B. Official Capacity Claims

Defendants argue Eleventh Amendment immunity bars Plaintiffs' § 1983 claims against Defendants Donald and Roundtree in their official capacities. (Doc. 8, at 3-4.) Plaintiffs do not respond to this argument. (See Doc. 9.) The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to

6

extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. Controlling interpretations of the Eleventh Amendment firmly "establish that an unconsenting [s]tate is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) (citation and internal quotation marks omitted). Eleventh Amendment immunity equally applies to a state's agencies and departments. Id. (citations omitted). Furthermore, Eleventh Amendment immunity "remains in effect when [s]tate officials are sued for damages in their official capacity." Kentucky v. Graham, 473 U.S. 159, 169 (1985). The Eleventh Amendment bars § 1983 suits absent state waiver of immunity or congressional override. Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989) (citation omitted).

Plaintiffs do not contend Georgia consented to suit under § 1983 or that congressional override permits the claim. The Court finds Eleventh Amendment immunity applies and there is no waiver of the constitutional protection. As a result, Plaintiffs' § 1983 claims against Defendants Donald and Roundtree in their official capacities fail and dismissal of these claims is proper.

**C. Individual Capacity Claims**

Plaintiffs also assert claims against Defendants Donald and Roundtree in their individual capacities. (Doc. 1, at 1.) The Court addresses each in turn.

1. Defendant Donald

Plaintiffs allege Defendant Donald's reckless driving constituted deliberate indifference, which deprived Ms. Briggs of her right to life without due process of law.[2] (Id. ¶ 24.) Defendants contend dismissal of this claim is proper because Defendant Donald did not intend any harm to Ms. Briggs, so his conduct was not arbitrary, nor did it rise to the conscience-shocking level that would give rise to a due process claim. (Doc. 8, at 5 (citing Cnty. of Sacramento v. Lewis, 523 U.S. 833, 843-44 (1998)).) Plaintiffs argue in response that the speed at which Defendant Donald was traveling when he collided with Ms. Briggs

---

[2] Plaintiffs appear to bring claims under § 1983 for alleged violations of Ms. Briggs's Fourth, Eighth, and Fourteenth Amendment rights. (Doc. 1, ¶ 27.) Defendants moved to dismiss all Plaintiffs' constitutional violation claims (Doc. 8, at 4-5), but Plaintiffs only respond to Defendants' arguments on their Fourteenth Amendment claim (Doc. 9, at 2-3). Thus, Plaintiffs' Fourth and Eighth Amendment claims are considered abandoned. Onyeogoh, 2020 WL 13544294, at *1. Nevertheless, the Court finds even if Plaintiffs had not abandoned these claims, they would fail on the merits as Ms. Briggs has not alleged she was subject to search or seizure nor was she a convicted prisoner at the times relevant to this complaint. Cnty of Sacramento v. Lewis, 523 U.S. 833, 843-44 (1998) (explaining, in the context of a car accident caused by a police officer, a seizure does not occur simply because the governmentally caused termination of an individual's freedom of movement); Wimbush v. Conway, 768 F. App'x 958, 968 (11th Cir. 2019) (quoting Cottrell v. Caldwell, 85 F.3d 1480, 1490 (11th Cir. 1996)) (indicating the Eighth Amendment's protection against cruel and unusual punishments applies only to convicted prisoners). For these reasons, Defendants' motion to dismiss is **GRANTED** as to Plaintiffs' claims for violations of Ms. Briggs's Fourth and Eighth Amendment rights.

was egregious, brutal, offensive, and conscience-shocking enough to sufficiently allege Defendant Donald was more than merely negligent. (Doc. 9, at 2-3.)

In considering a motion to dismiss, the Court must determine whether the plaintiff has asserted a cognizable claim under § 1983. See Jordan v. Doe, 38 F.3d 1559, 1564 (11th Cir. 1994). To state a claim for relief, § 1983 litigants have the burden of alleging two elements with some factual detail: "(1) that they suffered a deprivation of 'rights, privileges or immunities secured by the Constitution and laws' of the United States," and (2) that a person "acting under color of law" caused the deprivation, either by an act or omission. Wideman v. Shallowford Cmty. Hosp., Inc., 826 F.2d 1030, 1032 (11th Cir. 1987) (citation omitted). Plaintiffs allege Defendant Donald's actions deprived Ms. Briggs of her right to life without due process of law in violation of the Fourteenth Amendment. (Doc. 1, ¶ 24.) Although the right to life is an interest of constitutional dimension, not every deprivation of life amounts to a constitutional violation and gives rise to a claim under § 1983. Dollar v. Haralson Cnty., 704 F.2d 1540, 1543 (11th Cir. 1983), cert. denied, 464 U.S. 963 (1983). Officials acting under the color of state law violate the substantive component of the Due Process Clause only when their conduct "can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense." Lewis, 523 U.S. at 847 (citation

9

omitted). The Supreme Court has made clear "that the due process guarantee does not entail a body of constitutional law imposing liability whenever someone cloaked with state authority causes harm." Id. at 848. Indeed, "only the most egregious official conduct can be said to be arbitrary in the constitutional sense." Id. at 846 (internal quotation marks and citation omitted). The Eleventh Circuit has also stressed § 1983 must not be used "as a 'font of tort law' to convert state tort claims into federal causes of action." Waddell v. Hendry Cnty. Sheriff's Off., 329 F.3d 1300, 1305 (11th Cir. 2003) (citation omitted). Indeed, "even intentional wrongs seldom violate the Due Process Clause." Id. Rather "conduct *intended* to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level." Lewis, 523 at 849 (emphasis added) (citation omitted).

Here, Ms. Briggs's death occurred in an automobile accident, allegedly caused by the recklessness of a police officer, Defendant Donald, who was driving his patrol car in the course of duties. (Doc. 1, ¶¶ 7-8, 12-16, 24.) While Plaintiffs contend Defendant Donald's conduct "shocks the conscience," Plaintiff does not argue, and there is no allegation, that Defendant Donald intended to cause Ms. Briggs harm. (Doc. 9, at 2-3; see Doc. 1.) Defendant Donald driving at an allegedly excessive speed in response to an emergency call may have been more than merely negligent, or even

10

reckless, as Plaintiffs allege, but it was not so egregious as to be "arbitrary in the constitutional sense." Lewis, 523 U.S. at 846 (citation omitted). Even if Defendant Donald was reckless in the operation of his patrol car that day, Eleventh Circuit case law clearly establishes that there is no cause of action under § 1983 for "a person injured in an automobile accident caused by the negligent, or even grossly negligent, operation of a motor vehicle by a policeman acting in the line of duty." Cannon v. Taylor, 782 F.2d 947, 950 (11th Cir. 1986). For these reasons, Plaintiffs cannot sustain a cause of action against Defendant Donald under § 1983, and Plaintiffs' claim against him is dismissed.

2. Defendant Roundtree

Plaintiffs allege Defendant Roundtree was deliberately indifferent to known and obvious deficiencies in training, supervision, and discipline of officers, like Defendant Donald, who lacked skills, knowledge, and character to operate emergency vehicles in a safe manner. (Doc. 1, ¶¶ 25-26.) Plaintiffs allege Defendant Roundtree's deliberate indifference in his failure to train officers was the proximate cause of Ms. Briggs's death, depriving her of her constitutional rights to life, liberty, property, and travel, all without due process of law. (Id. ¶ 26.) Defendants argue Plaintiffs fail to state a claim against Defendant Roundtree because Defendant Donald has not committed an underlying

constitutional violation and therefore Plaintiffs have identified no constitutional violations for which Defendant Roundtree showed deliberate indifference toward or failed to correct. (Doc. 8, at 7.) Plaintiffs contend that because a violation of constitutional rights exists based on Defendant Donald's conduct, a deliberate indifference claim against Defendant Roundtree also exists. (Doc. 9, at 3.)

Typically, "supervisory officials are not[ ]liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (citation and internal quotation marks omitted); accord Stallworth v. Wilkins, 802 F. App'x 435, 445 (11th Cir. 2020) (citing Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003), *abrogated in part on other grounds by* Randall v. Scott, 610 F.3d 701 (11th Cir. 2010)). To impose supervisory liability for § 1983 violations, a plaintiff must show either (1) "the supervisor personally participate[d] in the alleged unconstitutional conduct" or (2) "there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." Cottone, 326 F.3d at 1360 (citations omitted). Plaintiffs do not allege Defendant Roundtree personally participated in the alleged constitutional deprivation – Defendant Donald's purported violation of Ms. Briggs's Fourteenth Amendment rights. (See Doc. 1.) So the Court must

determine whether there is a causal connection between the actions of the supervisors and the alleged constitutional deprivation. Cottone, 326 F.3d at 1360 (citations omitted).

To establish a causal connection, Plaintiffs must show either: (1) "a history of widespread abuse put[] the responsible supervisor on notice of the need to correct the alleged [constitutional] deprivation, and he fail[ed] to do so," (2) "a supervisor's custom or policy . . . result[ed] in deliberate indifference to constitutional rights," or (3) "facts support[ing] an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Id. (internal quotation marks omitted) (quoting Gonzalez v. Reno, 325 F.3d 1228, 1234-35 (11th Cir. 2003)). Here, Plaintiffs' allegations against Defendant Roundtree for deliberate indifference are based on his alleged failures to address officers, like Defendant Donald, who lacked skills, knowledge, and character to operate emergency vehicles in a safe manner. (Doc. 1, ¶ 25.) Plaintiffs also allege Defendant Roundtree failed to train officers. (Id.) Based on these allegations, it appears Plaintiffs allege a causal connection under the second category: custom or policy.

"[T]o prove that a policy or its absence caused a constitutional harm, a plaintiff must point to multiple incidents or multiple reports of prior misconduct by a particular employee."

Piazza v. Jefferson Cnty., 923 F.3d 947, 957 (11th Cir. 2019) (citations omitted).  Other than the incident involving Defendant Donald, Plaintiffs only make conclusory allegations that Defendant Roundtree failed to act despite knowledge of a pattern of unsafe driving among officers of the Sheriff's Department and known and obvious deficiencies in training, supervision, and discipline. (Doc. 1, ¶¶ 18-20, 25-26.)  Conclusory allegations without "further factual enhancement," however, are insufficient.  Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.  Because the Court already found the allegations against Defendant Donald fail to state a claim for constitutional violations, Plaintiffs failed to point to any incidents where Defendant Roundtree's policies, or even similar policies, caused a constitutional harm, or any harm at all. Regardless of what policy Plaintiffs believe should have been followed, their allegations are insufficient to state a claim that Defendant Roundtree's "custom or policy" resulted in a violation of Plaintiff's constitutional rights.

    Similarly, Plaintiff's failure to train claim also fails.

> [A] plaintiff alleging a constitutional violation premised on a failure to train must demonstrate that the supervisor had "actual or constructive notice that a particular omission in their training program causes [his or her] employees to violate citizens' constitutional rights," and that armed with that knowledge the supervisor chose to retain that training program.

Keith v. DeKalb Cnty., 749 F.3d 1034, 1052 (11th Cir. 2014) (alteration in original) (quoting Connick v. Thompson, 563 U.S. 51, 61 (2011)). Here, Plaintiffs have not alleged Defendant Roundtree retained the policies at issue even after becoming aware the failure to train caused employees to be deliberately indifferent to a person's constitutional rights. For these reasons, Defendants' motion to dismiss the claims against Defendant Roundtree is **GRANTED**.

### D. Claims under § 1988

Plaintiffs seek attorney's fees and expenses of litigation under 42 U.S.C. § 1988. (Doc. 1, at 3, 9.) 42 U.S.C. § 1988(b) allows the Court to award the prevailing party in a § 1983 suit reasonable attorney's fees. "[T]he extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees under 42 U.S.C. § 1988." Hensley v. Eckerhart, 461 U.S. 424, 440 (1983). Because the Court finds dismissal proper as to Plaintiffs' § 1983 claims, Defendants' motion to dismiss the § 1988 claim is also **GRANTED**.

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' motion to dismiss (Doc. 8) is **GRANTED** and this matter is **DISMISSED**. The Clerk is **DIRECTED** to **TERMINATE** all pending motions and deadlines, if any, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 9th day of April, 2024.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA